FILED

08/11/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0733

DA 19-0733

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 206N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TOBY CARL McADAM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 19-98
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Toby McAdam, Self-Represented, Livingston, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

          Bruce E. Becker, Attorney at Law, Livingston, Montana

          Courtney Lawellin, Livingston City Attorney, Livingston, Montana

                    Submitted on Briefs:  July 15, 2020

                                Decided:  August 11, 2020

Filed:

                              _____
                                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Toby Carl McAdam (McAdam) appeals from his conviction after a bench trial in Livingston City Court, of failure to yield the right of way, in violation of § 61-8-339, MCA, and operating a motor vehicle upon a public way without liability insurance, in violation of § 61-6-301, MCA. The City Court, Honorable Holly Happe, presiding, entered written findings of fact and conclusions of law. Upon McAdam's appeal from the City Court, a court of record, the Sixth Judicial District Court, Park County, affirmed the conviction.

¶3 On March 21, 2019, McAdam was involved in a vehicle collision. Prior to the accident, McAdam was travelling south on 7th Street in Livingston, Montana. The other driver, Shirley Payne (Payne), was driving east on Clark Street. At the intersection of 7th and Clark, the vehicles collided. Montana Highway Patrol Officer Jason Gunderson (Officer Gunderson) responded, and determined McAdam was at fault and did not have insurance. Officer Gunderson cited McAdam for failure to yield to the vehicle on the right and operating a vehicle without liability insurance.

¶4 McAdam pled not guilty, and the case proceeded to a bench trial, at which McAdam represented himself. The City Attorney called one witness, Officer Gunderson, who

explained he cited McAdam for the right of way violation based on the damage to both vehicles, the locations of both vehicles, the markings on the road, and the statements given to him by Payne and other witnesses. McAdam testified on his own behalf, but did not call any other witnesses. The City Court, as the fact finder, found Officer Gunderson's testimony to be credible, and convicted McAdam of both offenses.

¶5 On appeal to the District Court, McAdam argued he was deprived of his constitutional rights at trial because Payne and the other accident witnesses referenced in the police report did not testify. The District Court stated, "it is clear to this Court, from the record, that testimony from other potential witnesses would have only been duplicative. It was up to the [City] to determine which witnesses presented testimony before the Court, and, had the Defendant wished to have other witnesses present, it was his responsibility to issue subpoenas for their presence and testimony." The District Court concluded the record supported the City Court's determination that McAdam had committed the offenses, and affirmed the convictions.

¶6 Upon McAdam's appeal from City Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-11-110, MCA. "When district courts function as intermediate appellate courts for appeals from lower courts of record, we review the appeal de novo as though it were originally filed in this Court. We examine the record independently of the district court's decision, reviewing the lower court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion,

3

and its legal conclusions for correctness." *City of Missoula v. Metz*, 2019 MT 264, ¶ 11, 397 Mont. 467, 451 P.3d 350 (citations omitted).

¶7 As he did before the District Court, McAdam argues in this appeal that the convictions should be overturned because the trial violated his constitutional right to confront the witnesses against him, as the State did not call Payne and the other listed accident witnesses to testify. While McAdam is correct that a criminal defendant has the right to confront witnesses against them, *see* Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution, that does not mean the prosecution has a duty to call every witness to testify. Rather, the prosecution may decide what witnesses to call to carry its burden of proof against the defendant, and the defendant has the right to confront any of the witnesses whose testimony is used against him or her. In other words, if a witness is not called to testify, then the right to confront that witness does not arise. As the Sixth Amendment states, "In all criminal proseuctions, the accused shall enjoy the right . . . to be confronted *with the witnesess against him*." (Emphasis added). The prosecution may decide to call only one witness, and forego other witnesses, at the risk of not carrying its burden, as the City did here. If the prosecution chooses to do so, the defendant has no inherent right to confront those witnesses whose testimony was not presented. We conclude McAdam's constitutional right to confront witnesses was not violated.

¶8 McAdam also argues the City Court improperly credited the testimony of Officer Gunderson, while rejecting McAdam's testimony. "[B]ecause an assessment of

4

testimony is best made upon observation of the witness's demeanor and consideration of other intangibles that are only evident during live testimony, the fact-finder is uniquely in the best position to judge the credibility of witnesses[.]" *Ditton v. DOJ Motor Vehicle Div.*, 2014 MT 54, ¶ 33, 374 Mont. 122, 319 P.3d 1268 (citing *State v. Worrall*, 1999 MT 55, ¶ 50, 293 Mont. 439, 976 P.2d 968) (internal citation omitted). Therefore, on an appeal from a bench trial, this Court generally "defer[s] to the trial court regarding the credibility of witnesses and the weight to be accorded to their testimony." *Ditton*, ¶ 33 (citing *State v. Lally*, 2008 MT 452, ¶ 24, 348 Mont. 59, 199 P.3d 818). Here, the City Court was the fact-finder, and therefore, was in the best position to assess the credibility of the witness testimony. Regarding accident fault, we find no reason upon a review of the record to believe the City Court erred by crediting Officer Gunderson's testimony. Although Officer Gunderson stated he relied on the statements of other individuals when deciding whether to ticket McAdam, McAdam does not argue, nor it is apparent from the record, that Officer Gunderson offered hearsay testimony. As the City Court stated, Officer Gunderson's conclusion that McAdam was at fault for the accident was also based on the damage to both vehicles, the locations of both vehicles, and the markings on the road, about which Officer Gunderson provided photographs to enhance his testimony. Nor was the City Court's apparent lack of acceptance of McAdam's testimony regarding why he did not have insurance clearly erroneous. The City Court acknowledged McAdam's proffered excuse in its order, but applied § 61-6-301, MCA, which provides "[i]t is

unlawful for a person to operate a motor vehicle upon ways of this state . . . without a valid policy of liability insurance in effect[.]"

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10     Affirmed.

/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON